PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JONATHON E. SCHUBERT, | ) | |
| | ) | CASE NO. 4:17CV0512 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| | ) | |
| HEALTH ADMIN. HIVNER, *et al*., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 2] |

*Pro se* Plaintiff Jonathon E. Schubert was formerly an federal inmate at the Northeast Ohio Correctional Center, a privately held prison owned by Corrections Corporation of America (CCA). He brings this *in forma pauperis* Eighth Amendment claim against Defendants CCA Health Administrator Ms. Hivner, and CCA physicians James Nichols and Gary Kraker. Plaintiff asserts in the Complaint that Defendants were deliberately indifferent to his medical condition—Chron's Colitis—because they did not provide timely examinations or sufficient and timely medications, thus causing him extreme pain and suffering. ECF No. 1.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted, or if it lacks an arguable

(4:17CV0512)

basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Even assuming Plaintiff set forth otherwise sufficient allegations to sustain a constitutional claim based on deliberate indifference to his medical needs, such a claim is not cognizable under *Minneci v. Pollard*, 565 U.S. 118 (2012). In *Minneci*, the Supreme Court held a federal prisoner could not assert a *Bivens*[2] claim for deliberate indifference to serious medical needs under the Eighth Amendment because California state tort law provided an alternative, existing process capable of protecting the constitutional interests at stake. *Id.* at 131. In so holding, the Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio. *Id.* at 128. The Court also stated that "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking 28 U.S.C. § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

[2] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).

(4:17CV0512)

involving improper medical care at issue here), the prisoner must seek a remedy under state tort law." *Id.* at 131.

Therefore, even construing the Complaint liberally in a light most favorable to the Plaintiff, it does not state a valid federal claim. See *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008). Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| July 28, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |